

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable A. W. Coker, Chairman
Sub-Committee for Committee on Counties
Capitol Station
Austin, Texas

Dear Sir:

Opinion No. O-6429
Re: Constitutionality of House
Bill No. 220, as amended, re-
garding compensation of sher-
iffs in all counties.

Your letter of February 20, 1945, requesting the opinion of this department as to the constitutionality of House Bill No. 220, as amended, is as follows:

"Your Department has heretofore issued an opinion on the original H. B. No. 220, but at the Committee hearing February 19 H. B. No. 220, heretofore considered by your Department had substituted for it by amendment the Bill which is the subject of this letter.

"As Chairman of the sub-committee to which amended H. B. No. 220 was referred I hereby respectfully request an examination by your Department and an opinion of this Bill as to its constitutionality."

House Bill No. 220, as amended, is as follows:

"AN ACT authorizing and empowering the Commissioners' Court to fix the compensation of Sheriffs in all counties of this State, based upon the Sheriff's duties and the population thereof according to the last preceding federal census; fixing the minimum compensation of such officers; providing the mode and manner for

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable A. W. Coker, Chairman, Page 2

the payment of same; providing
extra compensation to said offi-
cers in certain counties; in-
creasing ex officio compensation
in certain counties; excluding
rewards from such compensation
or salaries herein provided;
providing allowance of all neces-
sary expenses incurred by said
officers or their deputies in
the discharge of their official
duties, and designating the
funds out of which said expenses
are to be paid; providing for
the purchase of necessary equip-
ment for use by Sheriffs for the
efficient operation of their of-
fices; providing the mode and
manner of paying for said equip-
ment, and designating the funds
out of which same shall be paid
for; repealing all laws and parts
of laws in conflict herewith to
the extent of the conflict only;
and declaring an emergency.

"Amend House Bill No. 820 by striking out all
below the enacting clause and inserting in lieu
thereof the following:

"'Section 1. Except as otherwise provided in
this Act, the Commissioners' Court in each county
of this State shall have the power and authority
to fix the compensation of the Sheriff therein,
based upon the last preceding federal census, as
follows:

"'(a) In counties containing less than Ten
Thousand (10,000) inhabitants, wherein the Sheriff
also performs the duties of Assessor and Collector
of Taxes, not less than Three Thousand Seven Hun-
dred and Fifty ($3,750.00) Dollars.

"'(b) In counties containing as many as Ten
Thousand (10,000) and less than Twenty Thousand
(20,000) inhabitants, not less than Three Thousand
Seven Hundred and Fifty ($3,750.00) Dollars.

Honorable A. W. Coker, Chairman, Page 3

"'(c) In counties containing as many as Twenty Thousand (20,000) and not more than Thirty-seven Thousand Five Hundred (37,500) inhabitants, not less than Four Thousand ($4,000.00) Dollars.

"'(d) In counties containing as many as Thirty-seven Thousand Five Hundred and One (37,501) and not more than Sixty Thousand (60,000) inhabitants, not less than Four Thousand Two Hundred and Fifty ($4,250.00) Dollars.

"'(e) In counties containing as many as Sixty Thousand and One (60,001) and not more than One Hundred Thousand (100,000) inhabitants, not less than Five Thousand Two Hundred ($5,200.00) Dollars.

"'(f) In counties containing as many as One Hundred Thousand and One (100,001) and not more than One Hundred Fifty Thousand (150,000) inhabitants, not less than Five Thousand Five Hundred ($5,500.00) Dollars.

"'(g) In counties containing as many as One Hundred Fifty Thousand and One (150,001) and not more than Three Hundred Fifty-five Thousand (355,000) inhabitants, not less than Seven Thousand Four Hundred ($7,400.00) Dollars.

"'(h) In counties containing more than Three Hundred Fifty-five Thousand (355,000) inhabitants, not less than Ten Thousand ($10,000.00) Dollars.

"'Section 2. Where Sheriffs are compensated on an annual salary basis such salaries shall be paid in Twelve (12) equal monthly installments per year, and paid from funds and in the manner now provided by law for payment of such officers, and providing that in counties having an assessed valuation in excess of Twenty Million ($20,000,000.00) Dollars, and less than One Hundred Twenty Million ($120,000,000.00) Dollars according to the last preceding approved tax roll of such counties, the amount allowed such Sheriffs as compensation shall be increased one per cent (1%) for each One Million ($1,000,000.00) Dollars valuation or fractional part thereof in excess of said Twenty Million

($20,000,000.00) Dollars valuation, and up to but not including One Hundred Twenty Million ($120,000,000.00) Dollars valuation, over and above the amount allowed such officer as fixed by the Commissioners' Court; and further providing that the compensation herein fixed or allowed for the Sheriff of any county shall be exclusive of any reward or rewards received for the apprehension of criminals or fugitives from justice, and rewards received for the recovery of stolen property.

"'Section 3. In all counties wherein the Sheriff is compensated on a fee basis the Commissioners' Court may allow such Sheriff an annual ex officio compensation not to exceed Two Thousand Four Hundred ($2,400.00) Dollars.

"'Section 4. In addition to the foregoing salary provisions, all necessary expenses incurred by any Sheriff or his deputies in the discharge of their official duties shall be allowed by the Commissioners' Court of the County of the Sheriff's residence, upon properly authorized sworn report, and paid out of the General Fund or out of the Officers' Salary Fund of the county, as the case may be; and, upon the sworn requisition of any Sheriff, certifying that any equipment (such as automobiles, radios, arms, etc.) is necessary for the efficient operation of his office, the Commissioners' Court of the county of the Sheriff's residence shall authorize the purchase of such equipment.

"'Section 5. All laws and parts of laws in conflict herewith are hereby repealed to the extent of the conflict only.

"'Section 6. The fact that Sheriffs of the State of Texas are now receiving insufficient compensation for the services which they are required to perform under the laws of this State, creates an emergency and an imperative public necessity that the constitutional rule requiring bills to be read on three several days in each House be suspended, and said rule is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted.'"

Honorable A. W. Coker, Chairman, Page 5

Generally speaking the constitution fixes the compensation of certain officers and Section 44, Article III, of the State Constitution authorizes the Legislature to provide by law for the compensation of all other officers, servants, agents and public contractors. Pursuant to the authority thus conferred, numerous statutes have been passed fixing the compensation of various classes of officers. The power of the Legislature to fix the compensation of officers is limited by the provisions of the Texas Constitution prohibiting the passage of local or special laws. This power may be delegated by the Legislature to the governing bodies of counties, municipal corporation or districts; and this has been done in various instances. In the absence of express constitutional provision, the compensation of officers must be fixed by the Legislature or by some governing body which has been expressly authorized to do so. The Legislature has no authority to pass local or special laws regulating the general compensation of county officers or altering the general laws in relation thereto. It is expressly prohibited from passing any such law governing the fees of certain classes of officers except as otherwise provided in the constitution. (Section 56, Article III, of the State Constitution).

The bill in question is applicable to every county of the designated class. It is our opinion that the bill under consideration is not repugnant to that section of the constitution which prohibits the passage of special or local laws in certain specified cases and in every case where a general law may be made applicable. It is our opinion that the bill is applicable to every county of the designated class. See the case of Clark v. Finley, 54 S. W. 343.

We have also carefully considered Section 61, Article XVI, of the State Constitution in connection with the foregoing bill. It is our opinion that said bill is not repugnant to that section of the constitution.

The Supreme Court of this State has recognized that the substantial difference in populations of counties could be made a basis of legislation fixing compensation for officers on the theory, as the court clearly recognized, that the work devolving upon an officer was in some degree proportionate to the population of the county. This has frequently been recognized by courts as creating a sufficient distinction to justify a larger compensation for county officers in counties having a large population as compared with the compensation to like officers in counties having a small population. (Clark v. Finley, supra; Bexar County v. Tynan et al., 97 S. W. (2) 467).

Honorable A. W. Coker, Chairman, Page 6

This department entertains serious doubt as to the validity of the provision of Section 2 of Act providing that in counties having an assessed valuation in excess of Twenty Million Dollars ($20,000,000.00), and less than One Hundred Twenty Million Dollars ($120,000,000.00) according to the last preceding tax roll of such counties, the amount allowed such sheriffs as compensation shall be increased one per cent for each One Million Dollars ($1,000,000.00) valuation or fractional part thereof in excess of said Twenty Million Dollars ($20,000,000.00) valuation, and up to but not including One Hundred Twenty Million Dollars ($120,000,000.00) valuation over and above the amount allowed such officer as fixed by the commissioners' court. It is stated in the case of Bexar County v. Tynon et al., supra, that: "The rule is that a classification cannot be adopted arbitrarily upon a ground which has no foundation in difference of situations or circumstances of the municipalities places in the different classes. There must be some reasonable relation between the situation of municipalities classified and the purposes and objects to be attained. There must be something. . .which in some reasonable degree accounts for the division into classes. . ." (See Miller et al. v. El Paso County, 150 S. W. (2) 1000; Oakley et al. v. Kent, 181 S. W. (2) 919). Classification must be reasonable and natural, not arbitrary and capricious.

Under said Section 2, the mandatory minimum compensation for sheriffs in some counties having a smaller population and a smaller tax valuation would be more than the mandatory minimum compensation of sheriffs in counties having a larger population and a larger tax valuation. We have failed to find any case exactly in point on this proposition, however, as heretofore stated, we have grave doubt as to the validity of this provision. Excepting this provision, it is our opinion that said House Bill No. 220, as amended, is valid.

We have considered various other provisions of the Constitution in connection with House Bill No. 220, as amended, and have failed to find any provision of said bill repugnant to those provisions of the Constitution. Our attention has not been directed to any provision of said bill that might contravene the Constitution other than the provision of the bill (Section 2), heretofore, discussed.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

APPROVED FEB 26 1945

FIRST ASSISTANT ATTORNEY GENERAL

APPROVED OPINION COMMITTEE BY _Bill_ CHAIRMAN

AW:mp:bg